Andrew M. Carroll, Esquire
427 N. Packard St.
Hammonton, NJ 08037
(856) 426-9815
AMC/0842

## UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In Re.: | : | Chapter 13 |
| Gregoire, | : | |
| Antoinette | : | |
| Debtor | : | Case No. 26-14017 |
| | : | |
| | : | Judge: John K. Sherwood |

## CERTIFICATION

I, Antoinette Gregory, hereby certify:

1.    I am the Debtor and make the present certification in support of my motion to allow a my attorney-in-fact to testify on my behalf at the 341(a) meeting of creditors.

2.    I filed my bankruptcy case on April 13, 2026.  I was involved in all aspects of the case from consultation to review, signing and submission of documents to my attorney.

3.    I also had the assistance of my daughter, Gina Gregoire, who is primarily involved in the collection and forwarding of documents.  She also helps answer questions to my attorney.

4.    I reviewed and signed the petition and other supporting documents.  My daughter collected the documents needed and forwarded them to my attorney.

5.    The filing of the case was to prevent a sheriff's sale of my daughter's house.  My husband and I are the owners of the property and the mortgage is in our names.

6.    My husband was recently admitted to the hospital and I spend much of my time with him there.

7.      It was originally the intention of my husband to file the case on my daughter's behalf, however, he was hospitalized soon before the sheriff's sale.  That delayed the timing of the filing of the bankruptcy.  Ultimately an emergency petition due to not being able to attend to the matter until last minute.

8.      Upon discussion with my attorney at beginning of the case, it was decided that I would file and would appear at the creditors hearing.

9.      It was also discussed to have a specific power of attorney drawn up by my attorney and have it signed and notarized, because, well, five years is a long time.  So, it was best to ensure that my daughter could deal with any issues that comes up in the future.  Please see attached Exhibit A – the signed power of attorney.

10.     The Court can see that the power of attorney was signed on April 13, 2026, the same day as the filing of the present case.  It was always the intention to have the power of attorney available in the future if needed, and, as indicated, I would appear at the meeting of creditors.

11.     Since the filing of the case, however, due to my regular presence with my husband outside the home, caring for him, my daughter handles much of the case, it was decided that it is best that my daughter appear at the 341(a) meeting of creditors.

12.     As indicated, I signed the special power of attorney which is attached, for the Court's review.  As such, I respectfully request that my daughter, Gina Gregoire, who is my attorney in fact for bankruptcy purposes, to be permitted to appear at the 341(a) meeting of creditors.

13.     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/Antoinette Gregoire
Antoinette Gregoire

May 13, 2026